[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-12809
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 17, 2012
JOHN LEY
CLERK

D.C. Docket No. 1:11-cr-00034-TWT-ECS-1


UNITED STATES OF AMERICA,

                                                    Plaintiff - Appellee,

                        versus

JUAN CARLOS CAMACHO-ALCANTAR,

                                                    Defendant - Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(February 17, 2012)

Before BARKETT, WILSON and ANDERSON, Circuit Judges.

PER CURIAM:

Juan Carlos Camacho-Alcantar appeals his twenty-seven month sentence, imposed at the low end of the guideline range, after pleading guilty to a single count of reentry of a deported alien in violation of 8 U.S.C. § 1326(a), (b)(2). On appeal, Camacho-Alcantar contends that his sentence was substantively unreasonable because it was greater than necessary to achieve the purposes of 18 U.S.C. § 3553(a)(2) and because the overall circumstances of the case, viewed in light of the § 3553(a) factors, warranted significantly less punishment. Camacho-Alcantar argues that the conduct for which his punishment was imposed was benign and mitigated by the reason for his illegal reentry into the United States—to care for his sick children. Camacho-Alcantar further urges that the district court failed to consider his character as reflected in the fact that he quickly admitted his guilt and expressed remorse for his crime. Despite this being his third illegal reentry into the United States, Camacho-Alcantar suggests that the district court did not properly consider his promise to never return to this country. After reviewing the briefs and record, we affirm.

We review the reasonableness of a sentence for abuse of discretion. *Gall v. United States*, 552 U.S. 38, 41, 128 S. Ct. 586, 591 (2007). "A district court abuses its discretion when it (1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or

irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors." *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc) (quotation omitted), *cert. denied*, 131 S. Ct. 1813 (2011). "We may set aside a sentence only if we determine, after giving a full measure of deference to the sentencing judge, that the sentence imposed truly is unreasonable." *Id.* at 1191.

The district court must impose a sentence that is "sufficient, but not greater than necessary, to comply with the purposes" listed in 18 U.S.C. § 3553(a)(2), which includes the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, deter criminal conduct, and protect the public from the defendant's future criminal conduct. In addition, the sentencing court must consider the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, the applicable guideline range, the pertinent policy statements of the sentencing commission, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims. 18 U.S.C. § 3553(a)(1), (3)–(7).

Although we do not presume a sentence is reasonable because it falls within the guideline range, we ordinarily expect it to be so. *United States v. Hunt*, 526 F.3d 739, 746 (11th Cir. 2008). Imposition of a sentence well below the statutory

maximum penalty is another indication of reasonableness. *See United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008) (per curiam).

Camacho-Alcantar's sentence was substantively reasonable in light of the factual record and the § 3553(a) factors. The district court's sentence of twenty-seven months represents the lowest end of the applicable guideline range and was well below the statutory maximum penalty of twenty years. In general, the weight to be accorded to any given § 3553(a) factor is a matter committed to the sound discretion of the district court. *United States v. Snipes*, 611 F.3d 855, 872 (11th Cir. 2010), *cert. denied*, 131 S. Ct. 2962 (2011). The record reflects that the district court considered Camacho-Alcantar's arguments in favor of a departure or variance from the guideline range, but found that they were outweighed by other factors. Camacho-Alcantar has not met his burden to show an abuse of discretion, as the sentence he received reflects a proper balancing of the § 3553(a) factors. Accordingly, we affirm the sentence as reasonable.

**AFFIRMED.**